945 F.2d 404
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul MAYERNIK, Plaintiff-Appellant,
v.
Robert BECK, William Evans, Cleveland Chief of Police,
Defendants-Appellees.
 No. 91-3264.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1991.
 
 Before MILBURN and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 ORDER
 Paul Mayernik, an Ohio state prisoner, appeals pro se from the district court's summary judgment for defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 Mayernik sought declaratory, injunctive and monetary relief in this action against two Cleveland police detectives and the Chief of Police, alleging that he had been a victim of police brutality at the hands of one detective while the other stood by, and that the Chief of Police encouraged the use of excessive force by the police department. Mayernik claimed that defendant Beck had slammed his head on the hood of a police car and hit him with his fist, resulting in lumps on his head. The complaint was later amended to raise a claim that the defendant detectives had given perjured testimony to the grand jury, resulting in an indictment of Mayernik on a charge of aggravated burglary. The district court granted defendants' motion for summary judgment.
 Upon consideration, it is concluded that the district court did not correctly apply the analysis of objective reasonableness applicable to claims of excessive force in arrest. The factors to be considered in such a claim include the severity of the crime, whether the suspect poses an immediate threat to officers or others, and whether he is actively resisting arrest or attempting to flee. Graham v. Connor, 490 U.S. 386, 396 (1989). Rather than considering these factors, the district court concluded that the claim failed because Mayernik had not incurred a substantial injury. A serious or permanent injury is not a prerequisite to a claim of excessive force. Lewis v. Downs, 774 F.2d 711, 714 (6th Cir.1985) (per curiam). Because material issues of fact remain unresolved and the defendants are not entitled to judgment as a matter of law, the summary judgment on this claim must be vacated.
 
 
 1
 However, defendants were clearly entitled to summary judgment on the remaining claim that they committed perjury before the grand jury. This claim is based on the fact that the indictment originally charged aggravated burglary, when Mayernik was arrested before actually gaining entrance to the building. As the district court noted, the indictment was amended before trial to the lesser included charge of attempted burglary. Therefore, there was no injury and this claim was frivolous.
 
 
 2
 For the above reasons, the summary judgment is vacated in part and affirmed in part, and the case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.